GIPSON HOFFMAN & PANCIONE
A Professional Corporation
JASON WALLACH (State Bar No. 75535)
JWallach@ghplaw.com
1901 Avenue of the Stars, Suite 1100
Los Angeles, California 90067-6002
Telephone: (310) 556-4660
Facsimile: (310) 556-8945

Attorneys for Foreign Representative
MARK CHRISTOPHER SUPPERSTONE

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>FRANK SPOTNITZ and MELISSA LEFANTE,<br><br>Debtors. | Case No.: 2:15-bk-25584-TD<br><br>Chapter 15<br><br>**EMERGENCY MOTION TO EXPUNGE EXHIBIT 1 TO DECLARATION OF MARK CHRISTOPHER SUPPERSTONE FILED WITH PETITION AND FILE REDACTED VERSION OR FOR ALTERNATIVE RELIEF; DECLARATION OF JASON WALLACH AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [DECLARATION OF FRANK SPOTNITZ FILED SEPARATELY]**<br><br>NO HEARING SET |

TO HON. THOMAS B. DONOVAN:

Mark Christopher Supperstone, the Foreign Representative designated in this Chapter 15 Petition, and on behalf of the Debtors, Frank Spotnitz and Melissa Lefante, hereby moves, on an emergency basis, for the following relief:

1. To expunge and remove from the public files of the Court, Exhibit 1 (Parts

1

EMERGENCY MOTION TO EXPUNGE, ETC.

560390.1 - 05074.00001

1 and 2) previously filed herein as part of the Petition, Doc 1-4 and 1-5;

2. To replace such expunged documents with redacted versions of such Exhibit 1, removing private, proprietary business and extraneous matters.

3. To proceed with the Chapter 15 Petition for Recognition of Foreign Main Proceeding.

4. As a less desirable alternative, expunging Exhibit 1, and dismissing the Chapter 15 Petition.

The grounds for such relief are that

A. the various disclosures made in Debtors' Individual Voluntary Arrangements ("IVA") in the United Kingdom, were intended to be and were in fact private, and contained sensitive personal information, and more important herein, confidential business contracts, transactions, compensation arrangements, names of contracting parties and projects in development. Exhibit 1, as filed, contains all such disclosures.

B. Debtors did not fully comprehend that the Chapter 15 filing would place all those previously-private disclosures into the public record.

C. The public disclosure of this private and proprietary information threatens to disable and damage Debtor Frank Spotnitz' ability to work, to earn his customary compensation as a television and motion picture writer, producer and director, and his bargaining leverage, in his professional work and contracts going forward, which in turn, imperils his ability to continue to fund the committed payments into the IVAs for full payment of creditors.

D. Debtors only discovered that the IVA disclosures had been made public record late on Monday evening, October 19, London time, and immediately requested that this motion be made.

E. To the knowledge of Debtors and counsel, no public media has discovered or disclosed either the IVAs or this Chapter 15 filing, or the contents of

Exhibit 1. This motion is made on an emergency basis in order to prevent any subsequent disclosure, publication or other media exposure.

F. The proposed redacted versions of Exhibit 1 still contain sufficient information to permit recognition of the foreign proceedings herein.

G. However, the threat to Debtor's livelihood is so extreme, that if the Court is not inclined to both expunge Exhibit 1 and proceed with the Chapter 15, it is requested that the expungement be made and the Chapter 15 Petition be dismissed.

This motion is supported by the separate Declaration of Frank Spotnitz, the attached Declaration of Jason Wallach and Memorandum of Points and Authorities.

This motion is made on an emergency basis pursuant to LBR 9075-1(a) in order to avoid the public media disclosure that will immediately and irreparably harm Debtor's ability to continue to fund the IVAs.

WHEREFORE, the Foreign Representative designated herein, on behalf of the Debtors, requests the relief described in items 1-3 above be granted, and failing that, the relief described in item 4 above; together with such other and further relief as may be just and proper.

Dated: October 21, 2015

GIPSON HOFFMAN & PANCIONE
A Professional Corporation
JASON WALLACH

*/s/ Jason Wallach*

JASON WALLACH
Attorneys for Foreign Representative
MARK CHRISTOPHER SUPPERSTONE

## DECLARATION OF JASON WALLACH

JASON WALLACH declares and states:

1. I am admitted to the Bar of the United States District Court for the Central District of California and therefore admitted to practice in this United States Bankruptcy Court. I am lead counsel for Mark Christopher Supperstone, the Foreign Representative named in the Chapter 15 Petition herein, which I prepared and filed on October 9, 2015.

2. I have personal knowledge of the facts stated herein as well as knowledge based on documents in my possession from the foreign proceedings of which recognition is sought herein.

3. In conjunction with the Supervisors of the Spotnitz and Lefante Individual Voluntary Arrangements ("IVA") in the United Kingdom, I prepared the Declaration of Mark Christopher Supperstone, as a part of the Chapter 15 Petition for Recognition of Foreign Main Proceeding. Mr. Supperstone's office prepared the Exhibit 1[1]. I electronically filed the Declaration as Doc 1-3, and the Exhibit 1 in two parts as Doc 1-4 and 1-5, on October 9, 2015.

4. On Monday, October 19, (in the early afternoon Los Angeles time and late evening London time) while communicating with my client about notice to be given of the proposed November 18 hearing on the Petition and supporting papers, Mr. Spotnitz inquired about the disclosure of the IVA papers, and we confirmed that all of the IVA papers were now public record, having been filed as a part of Exhibit 1.

5. I was subsequently instructed to make this motion to expunge the IVA papers from the public records of this Court.

6. On review, the IVA papers included in Exhibit 1 include detailed

---
[1] Except for pages 48-50 of Part 2, Doc 1.5, which were inadvertently included apparently in my office.

4
EMERGENCY MOTION TO EXPUNGE, ETC.

descriptions of proprietary business information, business and personal transactions, names of parties that contracted for Mr. Spotnitz' services, television and motion picture projects in development, the amounts and timing of his compensation, copies and drafts of actual contracts, and other personal, business and private information.

7. I have determined and confirmed from UK Counsel for the Foreign Representative that these papers were only disseminated to the short list of creditors involved in the IVAs; that the IVA, which a creature of statute under the Insolvency laws of the UK, is essentially contractual in nature; and that access to these IVA papers is only by court order, and not a matter of public record. The only public record is the Individual Insolvency Register listings which are provided in Exhibit 1, Part 2 at pages 44 through 47.

8. Attached hereto as Exhibit 1 is the proposed redacted version of filed Exhibit 1 Part 1; and attached hereto as Exhibit 2 is the proposed redacted version of Exhibit 1 Part 2. The redactions exclude the proprietary, business, and private information described above (and the extraneous matter described in Footnote 1).

9. In my view, the redacted Exhibits, together with the Declaration of Mark Christopher Supperstone, sufficiently authenticate the IVAs for purposes of recognition under Chapter 15.

10. However, it is urgent that such private information be immediately expunged from the public record before it is discovered by the public media, with the attendant damages and consequences to Debtors' income, reputation and future negotiating strength, and the maintenance of the IVA payments.

11. The urgency and threat is sufficient that Debtors and the Foreign Representative have directed me to obtain expungement of the IVA

records, even if that results in the dismissal of the Chapter 15 case.

12. I am not aware of any publication or disclosure of this information to date in any public media, although I did receive one email inquiry from a reporter in the UK, yesterday, from which I inferred she had not yet accessed the Chapter 15 public records. So, it is not too late, but it is urgent.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: October 21, 2015

_____
JASON WALLACH

# MEMORANDUM OF POINTS AND AUTHORITIES

Foreign Representative, on behalf of the Debtors, submits the following arguments and authorities in support of the motion to expunge Exhibit 1 etc.

**This Discrepancy Between UK and US Insolvency Practice and Law**

The issue presented by this motion represents uncharted waters in the Chapter 15 arena and practice, and illustrates some differences between the IVA procedure created by UK Insolvency Act, and US Bankruptcy practice. The principal difference is privacy and public access to information.

In the UK, in the IVA, there is no court filing, and the detailed affidavits, statements and disclosures are only disseminated to creditors, who have a right to vote on approval of the IVA. This allowed Debtors to make extensive disclosures of their financial affairs, and the impact of various professional delays and compensation issues upon their personal lives, residences, children etc., (which went far beyond the initial "Schedules and Statements" detail required of individual debtors in the US). The disclosures included detailed financial information about Mr. Spotnitz' contracts to write, produce, direct and develop television and motion picture projects in the US and internationally, and copies and drafts of the contracts themselves. However the distribution of this information was only to the creditors, including the (US) IRS, the requisite majority of which approved the IVA payment plan. The media had no access. UK counsel advise that the access of non-creditors to the IVA affidavits and reports is governed by the Insolvency laws and is only available upon court order.

Unfortunately, in translating the IVA procedure into a Chapter 15 filing, this private information, became public in the Chapter 15 filing here. Debtor Frank Spotnitz, who has submitted his Declaration, is justifiably afraid that his income and earnings will be damaged by the extensive disclosure of his financial affairs, as well as damaging his relationships with the disclosed contracting parties.

Therefore, emergency relief, in the form of expungement of the private

information from the Exhibit 1 filed as Doc 1-4 and 1-5 is urgently needed to protect the Debtors' source of future earnings required to fund the full-payment IVA.

**Expungement will not prejudice any party in interest or creditor**

All of the creditors herein have previously received the IVA information, affidavits and reports directly from the Supervisor, i.e. the Foreign Representative, in the course of the IVA. They will not be prejudiced by any expungement or redaction.

The only purpose of the expungement and redaction is to protect the private information, disclosed only in the private setting of the IVAs, from public disclosure in the US.

Since the purpose of the Chapter 15 proceeding and the statute itself is, as stated in 11 USC 1508 is to be consistent with the application of foreign insolvency statutes, the privacy of the Debtors and their ability to earn, should be protected in this Chapter 15, to the same extent as it was protected in the IVAs. Thus expungement and redaction should be authorized on an emergency basis.

**Sealing the document is analogous but may not be applicable**

While motions to file documents under seal are frequently used to protect sensitive private information from public disclosure, such motions are necessarily made before the filing, i.e. for permission to file a redacted document for public access, with provision for in camera access and service of the full information upon interested parties. In this case, the requested relief would have the same result, i.e., expunging the private information and placing redacted documents in the public file, but it appears to be too late to ask permission before filing. Therefore, expungement and refiling appears to be the only effective relief.

**Bankruptcy Rule 9037 is analogous**

The information to be redacted is not specifically the personally identifiable information (11 USC 101(41A) or the social security number information specifically referred to in Bankruptcy Rule 9037 (which had already been redacted). However, Rule 9037(d) authorizes the Court, for cause, to issue a protective order which can "limit or

prohibit a nonparty's remote electronic access to a document filed with the court."

This type of protective order would help but not be sufficient, as Debtors require that any on-site access be restricted as well.

Therefore, expungement of filed Exhibit 1 and filing of a new redacted Exhibit 1 will provide the relief requested.

**Alternate relief: expungement and dismissal of the Chapter 15.**

The Foreign Representative, on behalf of the Debtors, is so intent upon protecting the private information and avoiding the consequences of public disclosure that he has authorized the termination, withdrawal or dismissal of the Chapter 15, if that is a consequence of expunging the private information.

**Conclusion**

For the foregoing reasons, the Foreign Representative, on behalf of the Debtors, requests that relief be granted on an emergency basis in the form of an order expunging Exhibit 1, Parts 1 and 2 from the Court's paper and online files; and authorizing filing of redacted versions of Exhibit 1, with the Chapter 15 to proceed; and if such relief is not available, to order the expungement followed by dismissal of the Chapter 15.

Respectfully submitted,

Dated: October 21, 2015

GIPSON HOFFMAN & PANCIONE
A Professional Corporation
JASON WALLACH

*/s/ Jason Wallach*

JASON WALLACH
Attorneys for Foreign Representative
MARK CHRISTOPHER SUPPERSTONE